******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

LAWRENCE SMITH *v.* COMMISSIONER
OF CORRECTION
(AC 47894)

Alvord, Moll and Clark, Js.

Argued October 14—officially released November 4, 2025

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Bhatt, J.*, dismissed the petition; thereafter, the court, *Bhatt, J.*, denied the petition for certification to appeal, and the petitioner appealed to this court. *Appeal dismissed.*

*Lawrence Smith*, self-represented, the appellant (petitioner).

*Timothy F. Costello*, supervisory assistant state's attorney, with whom, on the brief, were *John P. Doyle, Jr.*, state's attorney, *Christopher A. Alexy*, senior assistant state's attorney, and *Jessica Gouveia*, former deputy assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The self-represented petitioner, Lawrence Smith, appeals, following the denial of his petition for certification to appeal, from the judgment of the habeas court dismissing his amended petition for a writ of habeas corpus. The petitioner's criminal conviction had been affirmed on direct appeal to the Supreme Court; see *State* v. *Smith*, 289 Conn. 598, 960 A.2d 993 (2008); and the judgment on his first petition for a writ of habeas corpus became final in 2016. He filed the petition underlying this appeal on October 19, 2018, and the respondent, the Commissioner of Correction, subsequently requested from the habeas court an order

pursuant to General Statutes § 52-470 (d) and (e)[1] directing the petitioner to appear and show cause as to why the petition should be permitted to proceed when it was untimely. After a hearing, the habeas court dismissed the petition for failure to demonstrate good cause to excuse the late filing of the petition. The petitioner filed a petition for certification to appeal, which the court denied.

On appeal, the petitioner claims, inter alia, that his trial counsel provided ineffective assistance. However, the petitioner has failed to allege or demonstrate that the habeas court abused its discretion in denying the petition for certification to appeal, and, accordingly, we dismiss his appeal. See *Goguen* v. *Commissioner of Correction*, 341 Conn. 508, 523, 267 A.3d 831 (2021) ("although the burden of obtaining appellate review of the threshold question under [*Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994)] and its progeny is minimal, the petitioner must at least *allege* that the habeas court abused its discretion in denying the petition for certification to appeal" (emphasis in original)); see also *Goguen* v. *Commissioner of Correction*, supra, 524 ("there is no exception to the requirement that a habeas petitioner must expressly allege that the habeas court abused its discretion in denying the petition for certification to appeal when the petitioner is self-represented").

The appeal is dismissed.

---

[1] General Statutes § 52-470 provides in relevant part: "(d) In the case of a petition filed subsequent to a judgment on a prior petition challenging the same conviction, there shall be a rebuttable presumption that the filing of the subsequent petition has been delayed without good cause if such petition is filed after the later of the following: (1) Two years after the date on which the judgment in the prior petition is deemed to be a final judgment due to the conclusion of appellate review or the expiration of the time for seeking such review . . . .

"(e) In a case in which the rebuttable presumption of delay under subsection (c) or (d) of this section applies, the court, upon the request of the respondent, shall issue an order to show cause why the petition should be permitted to proceed. . . ."